304

GREAT LAKES CONSTRUCTION COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

OSWALD D. LUBY, GEORGE E. BILLETT AND JOHN J. GREALIS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

*Per Curiam:*

The claimant is, and for a number of years past has been, engaged in business as a general building contractor, and on April 9, 1934, filed its complaint herein in which it sets forth:

That on December 4, 1928, it entered into a contract with the respondent through the Department of Purchases and Construction, for the construction of a drill hall and stable section of the Armory for the 124th Field Artillery, Illinois National Guard, at Cottage Grove Avenue and East 52nd Street, Chicago, for the sum of Three Hundred Fourteen Thousand Nine Hundred Two Dollars ($314,902.00); that the claimant performed all of its obligations under said contract and completed the construction work provided for therein, on or about the 24th day of October, A. D. 1929, and that the same was duly accepted by the State of Illinois on or about the 1st day of November, A. D. 1929; that from time to time during the process of construction under said contract, the respondent ordered the claimant to make certain changes and additions in said construction which were not provided for by the terms of said contract; that pursuant to such orders the claimant furnished the labor and material required for such changes and additions, and that the same were completed and accepted by the respondent during the process of such con-

struction, and that because of such changes and additions, the claimant became entitled to receive extra compensation in the amount of $71,112.08.

That during the process of such construction, the respondent ordered the claimant to make certain other changes and omissions from the requirements of such contract, for which the respondent was entitled to receive credits in the form of deductions from the original contract price, amounting to the sum of $8,827.00.

That on the 6th day of December, A. D. 1929, the claimant and the respondent entered into another contract, for the construction of certain additions to the building provided for in the contract of December 4, 1928, to-wit, an addition to the building known as the "Head House" and an addition to the building known as the "Stable Building;" that thereafter the architects and agents of the respondent ordered certain partitions to be installed in said building, and certain bunkers to be installed in the basement thereof; that all of said work was completed and installed by the claimant and duly accepted by the respondent; that by reason thereof the claimant became liable to pay the respondent for said extra or additional work on said contract of December 6, 1929, the sum of $4,772.15, no part of which has been paid.

That an appropriation was duly made by the General Assembly of the State of Illinois for the work embraced in the contract dated December 4, 1928, and an appropriation was also duly made by the General Assembly of the State of Illinois for the work embraced in the contract dated December 6, 1929.

That by reason of the foregoing, there became due to the claimant under the original contract of December 4, 1928, the sum of $314,902.00.

That there also became due to the claimant for extras and additions to said original contract as hereinbefore set forth, the sum of $71,112.08.

That there also became due to the claimant under said contract of December 6, 1929, the sum of $4,772.15, making a total gross amount due the claimant of $390,786.23.

That the respondent is entitled to a credit on account of omissions from said original contract, as hereinbefore set forth, in the amount of $8,827.00.

That the respondent has paid the claimant on account of the aforementioned contract of December 4, 1928, and the extras thereunder, the total sum of $345,363.48, making a total credit to the respondent, of $354,190.48, and leaving a net balance due the claimant of $36,595.75.

The complaint sets out in great detail the various changes ordered and made, as well as a copy of the original contracts and other papers and documents relative to the various additions, omissions, changes and modifications made, etc., and concludes with a demand for judgment in the amount of $36,595.75.

After the filing of the complaint herein, various conferences were had between the officers of the claimant and the Supervising Architect of the Department of Public Works and Buildings of the respondent, for the purpose of determining the amount to which the claimant was rightfully entitled under the terms and provisions of said original contracts and the changes thereafter made by the respondent, for alterations, additions and omissions.

As the result of such conferences, the parties thereto arrived at an agreement as to the amount due the claimant, and a stipulation of facts was prepared and filed in this court which provides in the concluding paragraphs thereof as follows:

"Fourth: That the net balance due to the claimant from the respondent herein on account of the amount of the contract and extras described in the complaint herein, after deducting all credits for payments made by the respondent to the claimant thereon, and all credits for omissions from the work originally contracted for, is the sum of Thirty Thousand Three Hundred Thirty-three Dollars and 92/100 Cents ($30,333.92).

"Fifth: That judgment may be entered herein for the claimant and against the respondent for said sum of Thirty Thousand Three Hundred Thirty-three Dollars and 92/100 Cents ($30,333.92)."

Such stipulation was executed on behalf of the respondent by the Attorney General and approved by the Supervising Architect of the Department of Public Works and Buildings.

It appearing to the court that such stipulation fairly sets forth the results which would have been developed by the taking of evidence in the case; that the same is just and fair; and that an award in the amount set forth therein, to-wit,

$30,333.92, is recommended by the Department of Public Works and Buildings of the respondent,

THEREFORE, IT IS HEREBY ORDERED that an award be and the same is hereby made and entered in favor of the claimant for said sum of Thirty Thousand Three Hundred Thirty-three Dollars and Ninety-two Cents ($30,333.92).